# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49973

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

NADIA ANN WILLDEN,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: October 30, 2023

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Judgment of conviction and suspended concurrent, unified sentences of three years, with minimum periods of confinement of one year, for two counts of delivery of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Nadia Ann Willden was found guilty of two counts of delivery of a controlled substance. I.C. § 32732(a)(1)(B). The district court sentenced Willden to concurrent, unified term of three years, with minimum periods of confinement of one year. The district court suspended the sentences and placed Willden on probation. Willden appeals, arguing that her sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Willden's judgment of conviction and sentences are affirmed.